ROB BONTA
Attorney General of California
PAULA BLIZZARD (SBN 207920)
Senior Assistant Attorney General
LAURA ANTONINI (SBN 271658)
PAUL CHANDER (SBN 305133)
ELIZABETH CHEEVER (SBN 341421)
EMILY CURRAN (SBN 293065)
KOMAL K. PATEL (SBN 342765)
CONNIE P. SUNG (SBN 304242)
BRIAN WANG (SBN 284490)
Deputy Attorneys General
  455 Golden Gate Ave., Suite 11000
  San Francisco, CA  91402
  Telephone: (415) 510-3832
  E-mail:  Connie.Sung@doj.ca.gov
*Attorneys for Plaintiff, The State of California*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE STATE OF ILLINOIS, THE STATE OF NEW YORK, THE STATE OF NORTH CAROLINA, THE STATE OF OREGON, and THE COMMONWEALTH OF VIRGINIA,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**NEXSTAR MEDIA GROUP, INC. AND TEGNA INC.,**<br><br>Defendants. | Case No.: 2:26-cv-00978-TLN-CKD<br><br>**DECLARATION OF CONNIE P. SUNG IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

1

## **DECLARATION OF CONNIE P. SUNG**

Pursuant to 28 U.S.C. § 1746, I, Connie P. Sung, declare under penalty of perjury that:

1.    I am a Deputy Attorney General with the California Attorney General's Office, and am counsel for the People of the State of California in *State of California, et al. v. Nexstar Media Group, Inc. and TEGNA Inc.*, Case No. 26-cv-00978-TLN-CKD (E.D. Cal.).  I am admitted to this Court and could, if called as a witness, testify competently to the matters set forth herein.  I make this declaration in support of Plaintiffs' Motion for Temporary Restraining Order.  I have personal knowledge of the facts stated herein and, if called as witness, could and would competently testify to them.

2.  Pursuant to Local Rule 231(c)(4), based on the Complaint in this matter and all the materials submitted with this motion, I attest that in the absence of the requested injunctive relief, imminent and irreparable harm is likely to result.  Specifically, should Defendants Nexstar Media Group, Inc. ("Nexstar") and TEGNA Inc. ("TEGNA") be permitted to proceed with post-consummation integration of assets, it is likely that market competition and consumers will suffer immediate and irreparable harm, including (1) loss of independent rivalry, through Nexstar's common ownership of at least half of Big 4 affiliates in the overlapping DMAs; (2) retransmission consent fee increases for MVPDs, with predictable pass-through to consumers; and (3) degradation in the quality and variety of local news and other local programming.

3.  During a meet-and-confer call with Defendants' counsel on March 10, 2026, counsel for the State of California asked Defendants to consider a timing agreement—a waiting period following Defendant's compliance with California's investigative subpoenas, during which the parties would agree not to close their planned merger while California completed its investigation of the Transaction.  Counsel for California followed up by e-mailing a draft of a proposed timing agreement on March 11, 2026, asking whether Defendants would agree or suggest edits.  On March 12, 2026, Defendants' counsel responded that they received the proposal and were reviewing; they wrote that they would follow up "as soon as possible."  Defendants' counsel did not follow up with any response.

Sung Decl. in Support of Plaintiffs' Mot. For TRO

4.  Plaintiff States brought this lawsuit on March 18, 2026.  Within less than an hour of filing the Complaint, Plaintiffs' counsel e-mailed Defendants' counsel, providing a copy of the Complaint and asking whether Defendants would agree not to consummate or otherwise complete the challenged Transaction until after the adjudication of this lawsuit.  Plaintiffs received no response to that e-mail, not even an acknowledgement of receipt.

5.  Pursuant to Local Rule 231, counsel for Plaintiff States e-mailed counsel for Nexstar and TEGNA on March 19, 2026 at approximately 7:30 p.m. PT to inform them of Plaintiffs' intent to file this Motion to enjoin further integration of acquired TEGNA assets and to request a hearing on Friday, March 20, 2026 at 3:00 p.m. PT, or any other time that the Court is available. At approximately 7:45 a.m. PT on March 20, 2026, Defendants' counsel responded via e-mail acknowledging receipt and stating that Defendants will oppose any application for a TRO or other emergency relief.  In that e-mail, Defendants told Plaintiffs, "[T]he relief sought in your Complaint is no longer available" because the transaction has closed.

6.  Attached as **Exhibit 1** is a true and correct copy of the Declaration of Rob Thun submitted in support of DIRECTV's Petition to Deny, *In the Matter of Applications to Transfer Control of TEGNA Inc. to Nexstar Media Inc.,* MB Docket No. 25-331, dated December 17, 2025.

7.  Attached as **Exhibit 2** is a true and correct copy of Nexstar's Form 8-K dated October 30, 2025.

8.  Attached as **Exhibit 3** is a true and correct copy of Nexstar's Fourth Quarter 2025 Earnings Release dated February 26, 2026.

9.  Attached as **Exhibit 4** is a true and correct copy of a presentation by Nexstar titled "Acquisition of TEGNA Inc. - August 2025."

10.  Attached as **Exhibit 5** is a true and correct copy of a News Release from TEGNA titled "TEGNA Inc. Reports Fourth Quarter and Full-Year 2025 Results" dated March 2, 2026.

11.  Attached as **Exhibit 6** is a true and correct copy of Nexstar's Form 10-K for the fiscal year ending December 31, 2025, submitted to the U.S. Securities and Exchange Commission on February 27, 2026.

12. Attached as **Exhibit 7** is a true and correct copy of the Competitive Impact Statement filed by the United States in *United States and Plaintiff States v. Nexstar Media Group, Inc. and Tribune Media Company*, Case No. 19-cv-02295 (D.D.C.) on February 10, 2020.

13. Attached as **Exhibit 8** is a true and correct copy of the Competitive Impact Statement filed by the United States in *United States v. Gray Television, Inc., and Quincy Media, Inc.*, Case No. 21-cv-02041 (D.D.C.) on July 28, 2021.

14. Attached as **Exhibit 9** is a true and correct copy of a presentation by Nexstar titled "Investor Presentation – June 2025."

15. Attached as **Exhibit 10** is a true and correct copy of the Declaration of Vince Torres submitted in support of DIRECTV's Petition to Deny, *In the Matter of Applications to Transfer Control of TEGNA Inc. to Nexstar Media Inc.,* MB Docket No. 25-331, dated December 31, 2025.

16. In addition to effecting personal service on Defendants, Plaintiff States will provide courtesy copies of this filing to Defendants via e-mail immediately after filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th of March, 2026 in Oakland, California.

By:    */s/ Connie P. Sung*_____
Connie P. Sung

SF2026400520
68283451.docx

4