# EXHIBIT 2

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, D.C. 20549

---

## FORM 8-K

---

### CURRENT REPORT

### Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

### Date of Report (Date of earliest event reported): October 31, 2025 (October 30, 2025)

---

# NEXSTAR MEDIA GROUP, INC.

(Exact name of Registrant as Specified in Its Charter)

---

| **Delaware** | **000-50478** | **23-3083125** |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

**545 E. John Carpenter Freeway**
**Suite 700**
**Irving, Texas**                                                                    **75062**
(Address of Principal Executive Offices)                                    (Zip Code)


**Registrant's Telephone Number, Including Area Code:  972 373-8800**


**Not Applicable**
(Former Name or Former Address, if Changed Since Last Report)

---

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock | NXST | NASDAQ Global Select Market |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§ 230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§ 240.12b-2 of this chapter).

Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**Item 8.01.  Other Events.**

As previously disclosed, on August 18, 2025, Nexstar Media Group, Inc., a Delaware corporation ("Nexstar"), and Teton Merger Sub, Inc., a Delaware corporation and a wholly owned subsidiary of Nexstar ("Merger Sub"), entered into an Agreement and Plan of Merger (the "Merger Agreement") with TEGNA Inc., a Delaware corporation ("TEGNA").  Pursuant to the terms of the Merger Agreement, subject to the terms and conditions set forth therein, Merger Sub will be merged with and into TEGNA (the "Merger"), with TEGNA continuing as the surviving corporation and as wholly owned subsidiary of Nexstar.

On October 30, 2025, the parties to the Merger Agreement (the "Parties") each received a request for additional information and documentary material (the "Second Request") from the U.S. Department of Justice (the "DOJ") in connection with the DOJ's review of the Merger.  Issuance of the Second Request extends the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended (the "HSR Act"), until 30 days after each Party has substantially complied with the Second Request, unless the waiting period is terminated earlier by the DOJ or extended by agreement of the Parties.  The Parties will continue to cooperate with the DOJ staff in its review of the Merger.

The Parties expect that the Merger will be completed by the second half of 2026.

Completion of the Merger remains subject to the termination or expiration of the waiting period under the HSR Act and the satisfaction or waiver of the other closing conditions specified in the Merger Agreement.

**Cautionary Statement Regarding Forward-Looking Statements**

This Current Report on Form 8-K includes forward-looking statements. Nexstar has based these forward-looking statements on its current expectations and projections about future events. Forward-looking statements include information preceded by, followed by, or that includes the words "guidance," "believes," "expects," "anticipates," "could," or similar expressions. For these statements, Nexstar claims the protection of the safe harbor for forward-looking statements contained in the Private Securities Litigation Reform Act of 1995. The forward-looking statements contained in this Current Report on Form 8-K, concerning, among other things, the timing and completion of the Merger, involve risks and uncertainties, and are subject to change based on various important factors, including the timing of and any potential delay in consummating the Merger, the risk that the conditions to closing of the Merger (including the necessary regulatory approvals or the approval of TEGNA's stockholders) may not be satisfied in the anticipated timeframe or at all and the transaction may not close, the risk that a regulatory approval that may be required for the Merger is delayed, is not obtained or is obtained subject to conditions that are not anticipated, the risk of the occurrence of any event, change or other circumstance that could give rise to the termination of the Merger Agreement between Nexstar and TEGNA, the risk that Nexstar fails to obtain the necessary financing arrangements set forth in the debt commitment letters delivered pursuant to the Merger Agreement, future regulatory actions and conditions in the television stations' operating areas and major world news events. Unless required by law, Nexstar undertakes no obligation to update or revise any forward-looking statements, whether as a result of new information, future events or otherwise. In light of these risks, uncertainties and assumptions, the forward-looking events discussed in this Current Report on Form 8-K might not occur. You should not place undue reliance on these forward-looking statements, which speak only as of the date of this release. For more details on factors that could affect these expectations, please see Nexstar's filings with the Securities and Exchange Commission.

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned thereunto duly authorized.

**NEXSTAR MEDIA GROUP, INC.**

Date:    October 31, 2025

By:      /s/ Lee Ann Gliha

Name:    Lee Ann Gliha

Title:   Chief Financial Officer
         (Principal Financial Officer)