UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| THE STATE OF CALIFORNIA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE STATE OF ILLINOIS, THE STATE OF NEW YORK, THE STATE OF NORTH CAROLINA, THE STATE OF OREGON, and THE COMMONWEALTH OF VIRGINIA, | Case No. 2:26-cv-00978-TLN-CKD **[PROPOSED] TEMPORARY RESTRAINING ORDER** |
| Plaintiffs, | |
| v. | |
| NEXSTAR MEDIA GROUP, INC. AND TEGNA INC., | |
| Defendants. | |

1

Having considered the Motion for a Temporary Restraining Order filed by Plaintiffs the State of California, State of Colorado, State of Connecticut, State of Illinois, State of New York, State of North Carolina, State of Oregon, and Commonwealth of Virginia (collectively, "Plaintiffs"), and any opposition thereto, **IT IS ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order is **GRANTED**.

Accordingly, **IT IS ORDERED** that Defendants Nexstar Media Group, Inc. ("Nexstar") and TEGNA Inc. ("TEGNA") (together, "Defendants") are temporarily enjoined and restrained as follows:

1. Defendants must immediately cease all actions relating to integration and consolidation of Nexstar and TEGNA. To the extent that it is impossible to immediately cease any particular actions, Defendants shall immediately notify the Court of any such actions and provide a proposal as to how to cease those actions as soon as practicable or otherwise perform them in a manner that complies with the other provisions of this Order.

2. Nexstar shall hold separate all acquired TEGNA assets nationwide and shall preserve, maintain, and continue to operate the acquired TEGNA assets as independent, ongoing, economically viable business concerns, separate and apart from Nexstar's pre-Transaction operations, pending further order of the Court.

3. Nexstar shall not integrate, combine, or commingle the management, operations, personnel, assets, or decision-making of the acquired TEGNA assets with Nexstar's pre-Transaction operations, and shall take all steps necessary to ensure that the acquired TEGNA assets remain operated as separate businesses.

4. Nexstar shall take all steps necessary to ensure that the management of the acquired TEGNA assets is not influenced by Nexstar's pre-Transaction operations, and that the acquired TEGNA assets are managed in the ordinary course by personnel dedicated to the operation of those assets, consistent with preserving their independence and viability.

2

5. Nexstar shall maintain separate books, records, and accounts for the acquired TEGNA assets and shall take all steps necessary to ensure that competitively sensitive sales, marketing, and pricing information, and related decision-making, of the acquired TEGNA assets remain separate and apart from Nexstar's pre-Transaction operations.

6. Nexstar shall preserve and maintain the assets, properties, contracts, rights, and business relationships of the acquired TEGNA assets, shall maintain and operate them in the ordinary course of business, and shall not take any action that would jeopardize, diminish, or impair the value, viability, competitiveness, or separability of the acquired TEGNA assets.

7. Nexstar shall maintain sufficient staffing, resources, and operational capabilities to ensure the acquired TEGNA assets remain independent, economically viable, and able to compete in the ordinary course, and shall not transfer or reassign key employees or functions between the acquired TEGNA assets and Nexstar's pre-Transaction operations in a manner that would impair separability.

8. Nexstar shall not sell, transfer, lease, license, assign, pledge, or otherwise dispose of or encumber any material asset of the acquired TEGNA assets, except in the ordinary course of business and consistent with preserving their value and separability, pending further order of the Court.

9. Nexstar shall preserve all documents and records relating to the acquired TEGNA assets and their operation, including materials sufficient to demonstrate compliance with this Order.

**IT IS FURTHER ORDERED** that the provisions of this order shall apply to each of Defendants' directors, officers, agents, employees, divisions, subsidiaries, affiliates, partnership, and joint ventures, and all persons acting of their behalf.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until the date for a preliminary injunction hearing set forth below, or until such further dates as set by the Court or stipulated to by the parties.

**IT IS FURTHER ORDERED** that Defendants shall appear before the undersigned at on _____, 2026 at _____ **a.m./p.m.** to show cause why a preliminary injunction should not be granted and why the Temporary Restraining Order set forth above should not be extended such that Defendants are restrained and enjoined pending trial in this matter. Any opposition papers to the requested injunction must be filed no later than _____, **2026 at _____ a.m./p.m.** Any reply papers in support of the requested injunction must be filed by _____, **2026 at _____ a.m./p.m.** Defendants are hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against them pursuant to Federal Rule of Civil Procedure 65.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve Defendants with a copy of this Temporary Restraining Order, and all supporting pleadings and papers, within 36 hours of Order issuance.

**IT IS SO ORDERED.**

Issued: _____, 2026 at _____ a.m./p.m.        _____
                                                        Hon. Chief District Judge Troy L. Nunley
                                                        United States District Judge
                                                        Eastern District of California