# Exhibit 1

| | |
|---|---|
| **From:** | Okuliar, Alexander |
| **Sent:** | Friday, March 20, 2026 10:46 AM |
| **To:** | Laura Antonini |
| **Cc:** | Connie Sung; Emily Curran; Gernan, Richelle; DiCunzolo, Alexa Rae; Ulle, Meredith; ian.john@kirkland.com; Adelson, Eliot A.; Manoso, Robert W.; Rachel Morgan |
| **Subject:** | RE: State of California, et al. v. Nexstar Media Group, Inc. and TEGNA Inc., Case No. 2:26-cv-00978-TLN-CKD (E.D. Cal.) |

Counsel,

We write in response to your late-night March 19 email about a request for emergency relief.

First, your email ignores the local rules and Judge Nunley's standing orders. Local Rule 231 requires a written motion with supporting documents before a hearing is set. You have not served motion papers or supporting materials, nor indicated when those would be filed.  If Plaintiffs intend to seek a TRO, they cannot do so by ambush—particularly here where there is clearly no imminent, irreparable harm from an already-closed deal—and must comply with the applicable rules, including providing the required service, motion papers, supporting evidence, proposed orders, a proposed briefing schedule, and a proposed hearing date.

Second, the relief sought in your Complaint is no longer available. The transaction has closed after over five months of publicized review by the DOJ and FCC, which many of the Plaintiffs (including you) joined last fall. Your letter now suggests that you will seek a different form of relief, a hold-separate order, which was not sought in the Complaint and constitutes a materially different and extraordinary remedy.  A hold-separate order will impose immediate operational constraints and significant costs on a completed transaction without any showing of imminent harm.

Third, Plaintiffs seek extraordinary relief but have not identified any imminent harm. To the contrary, your allegations depend on distant negotiations and speculative pricing outcomes that have not occurred and are not imminent. Your allegations are also factually incorrect because you do not take into account the FCC Order and Nexstar's commitments, which issued after your Complaint. For instance, the FCC's Order includes an enforceable commitment by Nexstar to offer to extend, on current terms, any retransmission consent agreement in effect at the time of closing that expires before November 30, 2026. **Thus, if accepted by any such counterparty, there will be no changes in their retransmission agreement through November 30, 2026.** No possible imminent harm could occur to your putative alleged relevant market, which focuses solely on retransmission. On the other hand, a TRO would impose enormous burden and costs on Nexstar, prevent it from achieving synergies, thwart the public interest of the United States in realizing this deal's many benefits, as found by the FCC, and deny benefits to millions of Americans.

Fourth, any claimed urgency is of Plaintiffs' own making. Plaintiffs have been aware of this transaction since it was announced last August.  Many of the Plaintiffs affirmatively conducted investigations since October and November of last year, including receiving substantial information from the parties. During this entire time, Plaintiffs did not raise *any* substantive concerns with Defendants. Having chosen not to act during this months-long window, Plaintiffs cannot now manufacture an "emergency."

1

Finally, instead of engaging with us at all, you chose to file a complaint in the middle of the night, impose an arbitrary and unreasonable deadline to meet your demands, and then set press conferences for grandstanding the following morning. And again, late last night, you sent another late email claiming you will seek a hearing the following afternoon. The late-night timing and manner of this request, like the late-night filing of the Complaint, suggests that Plaintiffs' goal is to impose immediate disruption and hardship on the parties rather than to address any imminent competitive harm.

We will oppose any application for a TRO or other emergency relief because of all these procedural and substantive deficiencies.

-Alex

**From:** Laura Antonini <Laura.Antonini@doj.ca.gov>
**Sent:** Thursday, March 19, 2026 10:30 PM
**To:** Okuliar, Alexander <AOkuliar@mofo.com>; Fitts, Nelson O. <NOFitts@WLRK.com>
**Cc:** Connie Sung <Connie.Sung@doj.ca.gov>; Emily Curran <Emily.Curran@doj.ca.gov>; Thaler, Itai Y. <IYThaler@wlrk.com>; Yu, Sam <HSYu@wlrk.com>; Gernan, Richelle <RGernan@mofo.com>; DiCunzolo, Alexa Rae <ADiCunzolo@mofo.com>; Ulle, Meredith <MUlle@mofo.com>; ian.john@kirkland.com
**Subject:** State of California, et al. v. Nexstar Media Group, Inc. and TEGNA Inc., Case No. 2:26-cv-00978-TLN-CKD (E.D. Cal.)

**External Email**

---

Counsel,

Since we have not heard back from the parties regarding the proposed Stipulated Timing Agreement that we sent for your review on March 18, 2026, and in light of reports that the parties have closed this transaction despite the existence of multiple lawsuits and multiple pending requests for timing agreements that Nexstar and TEGNA have ignored, we are providing notice of Plaintiffs' intention to seek a temporary restraining order tomorrow in *State of California, et al. v. Nexstar Media Group, Inc. and TEGNA Inc.*, Case No. 2:26-cv-00978-TLN-CKD (E.D. Cal.). We will be seeking relief in the form of a hold separate order requiring the parties to immediately cease all actions relating to further integration and consolidation of Nexstar and TEGNA.

We are available for a hearing tomorrow, Friday, March 20, 2026, at 3:00pmPT, or any other time that the Court is available. We will request a videoconference hearing.

The parties' decision to close despite pending lawsuits, and your disregard of our outreach on timing raise the concerning possibility that Nexstar and TEGNA are endeavoring to rush integration in an effort to frustrate effective judicial review.  Please be advised that any further efforts to accelerate integration or otherwise interfere with the Court's review of this transaction will be brought to the attention of the Court.

Thank you,
Laura

Laura Antonini
Deputy Attorney General
California Department of Justice
Office: (213) 269-6277

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.