UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>NEXSTAR MEDIA GROUP, INC., et al.,<br><br>         Defendants. | No. 2:26-cv-00976-TLN-CKD<br><br>**ORDER** |
| STATE OF CALIFORNIA, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>NEXSTAR MEDIA GROUP INC., et al.,<br><br>         Defendants. | No. 2:26-cv-00978-TLN-CKD |

Two separate actions have been filed against Nexstar Media Group, Inc. ("Nexstar") and TEGNA Inc. ("TEGNA") (collectively, "Defendants") challenging Nexstar's acquisition of TEGNA. (*See* ECF No. 1; *see also* No. 2:26-cv-00978-TLN-CKD, ECF No. 1-2.) The Court considers *sua sponte* whether consolidation of both cases is appropriate. For the reasons set forth below, the Court consolidates the two cases for all purposes into a single action.

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2026, DIRECTV, LLC ("DIRECTV") filed the first action against Defendants, alleging a singular claim for violation of § 7 of the Clayton Act, 15 U.S.C. § 18. (No. 2:26-cv-00976-TLN-CKD, ECF No. 1.)  DIRECTV alleges Nexstar's acquisition of TEGNA "would substantially and irreversibly lessen competition in interstate trade and commerce for retransmission consent licenses for broadcast stations affiliated with the Big Four networks in dozens of [Designated Market Areas ("DMAs")] across the country."  (*Id.* at 38.)

Shortly thereafter, on the same day, the State of California, State of Colorado, State of Connecticut, State of Illinois, State of New York, State of North Carolina, State of Oregon, and Commonwealth of Virginia (collectively, "Plaintiff States") filed the second action against Defendants, also alleging a singular claim for violation of § 7 of the Clayton Act, 15 U.S.C. § 18. (No. 2:26-cv-00978-TLN-CKD, ECF No. 1-2.)  Similarly, Plaintiff States allege Nexstar's acquisition of TEGNA would substantially lessen the competition in the licensing of Big Four television retransmission consent in each of the Big Four Overlap DMAs.  (No. 2:26-cv-00978-TLN-CKD, ECF No. 1-2 at 29.)

In both cases, DIRECTV and Plaintiff States have filed motions for temporary restraining order ("TRO").  (No. 2:26-cv-00976-TLN-CKD, ECF No. 14; No. 2:26-cv-00978-TLN-CKD, ECF No. 27.)  Both motions seek the exact same remedy — a hold separate order to require Nexstar to preserve TEGNA as a separate and independent entity during these proceedings.  (*See id.*)  On March 27, 2026, the Court granted DIRECTV's motion for TRO.  (No. 2:26-cv-00976-TLN-CKD, ECF No. 60.)  The Court ordered Defendants to show cause why a preliminary injunction should not issue enjoining Defendants from further integration, consolidation, or joint management of Nexstar and the held-separate TEGNA business unit.  (*Id.*)  The Court scheduled an in-person hearing on the matter for Tuesday, April 7, 2026 at 2:00 p.m.

## II.     STANDARD OF LAW

Federal Rule of Civil Procedure 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  Rule 42, however "does not require the complaints to be identical for purposes of consolidation." *Felix v. Symantec Corp.*,

No. C 18-02902 WHA, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018).  District courts have broad discretion to consolidate cases and may do so *sua sponte*.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at n. 37).  "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by the consolidation."  *Conerly v. Veracity Research*, No. 2:19-cv-01021-KJM-KJN PS, 2019 WL 4392415, at *1 (E.D. Cal. Sept. 13, 2019) (citing *Sw. Marine, Inc. v. Triple A. Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).

### III.   ANALYSIS

The Court finds the two actions involve common questions of law and clearly arise out of common facts.  Each Complaint alleges the same issues with respect to Nexstar's acquisition of TEGNA — namely, that the merger will lead to a significant increase in Nexstar's concentration in multiple DMAs, raise prices on retransmission consent license fees, and harm local broadcast news.  (No. 2:26-cv-00976-TLN-CKD, *see* ECF No. 1; No. 2:26-cv-00978-TLN-CKD, *see* ECF No. 1-2.)  Judicial convenience is therefore served through consolidation of these cases.  The instant actions were also filed less than two weeks ago, meaning there is no arguable delay presented by consolidation.  The Court also notes consolidation will reduce the workload on the parties and this Court.  Maintenance of two separate actions based on the same facts and legal claims will require the parties and this Court to handle multiple motions and orders unnecessarily.  The Court finds consolidation of these two actions will save time, effort, and preserve judicial resources, while also creating little — if any — potential for delay, confusion, or prejudice.  Accordingly, the Court consolidates the two cases for all purposes, including trial, into a single action.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The cases captioned as *DIRECTV, LLC v. Nexstar Media Group, et al.*, No. 2:26-cv-00976-TLN-CKD and *State of California, et al. v. Nexstar Media Group Inc., et al.*, No. 2:26-cv-00978-TLN-CKD are consolidated for all purposes, including trial, into a single

action;

2. As this Court's procedure is to consolidate actions with a higher case number into the lower-numbered action, the operative action moving forward will be *DIRECTV, LLC v. Nexstar Media Group, et al.*, No. 2:26-cv-00976-TLN-CKD;

3. The Clerk of the Court shall recaption the consolidated action as *In re Nexstar-TEGNA Merger Litigation*, No. 2:26-cv-00976-TLN-CKD;

4. All further proceedings in the consolidated action shall be filed and docketed under No. 2:26-cv-00976-TLN-CKD;

5. Any deadlines in *State of California, et al. v. Nexstar Media Group Inc., et al.*, No. 2:26-cv-00978-TLN-CKD are VACATED;

6. Plaintiff States shall appear at the in-person hearing on Tuesday, April 7, 2026 at 2:00 p.m. on whether a preliminary injunction shall issue;

7. Plaintiff States' Motion for TRO (No. 2:26-cv-00978-TLN-CKD, ECF No. 27) seeks the same relief as DIRECTV's Motion for TRO (No. 2:26-cv-00976-TLN-CKD, ECF No. 14), which the Court has granted.  Plaintiff States will have an opportunity to be heard at the in-person hearing on Tuesday, April 7, 2026 on their pending Motion for TRO (No. 2:26-cv-00978-TLN-CKD, ECF No. 27).  Accordingly, the Court construes Plaintiff States' Motion for TRO as Motion for Preliminary Injunction[1] and reserves ruling on the motion until after the in-person hearing;

8. DIRECTV and Plaintiff States (collectively, "Plaintiffs") must file a Consolidated Complaint within thirty days of the electronic filing date of this Order;

9. Defendants must file their responsive pleading within 21 days after Plaintiffs file their Consolidated Complaint;

//

---

[1] The purpose of a TRO is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for TRO as a motion for preliminary injunction.  E.D. Cal. L.R. 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." (internal quotation and citations omitted)).

4

10. The Clerk of the Court shall file this Order in No. 2:26-cv-00976-TLN-CKD and No. 2:26-cv-00978-TLN-CKD.

IT IS SO ORDERED.

Date: March 31, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE